TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>   Defendants. | Case No. 3:22-cv-00279-SLG |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants United States

Department of the Interior (DOI), *et al.* respond to the allegations in Plaintiffs Cook

Inletkeeper, *et al*.'s Complaint (ECF 1) as set forth below. The numbered paragraphs of

this Answer correspond to the numbered paragraphs in Plaintiffs' Complaint. Defendants do not respond specifically to the section headings included in the Complaint, but to the extent that those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny the allegations. Any allegation not specifically admitted is deemed denied.

## **INTRODUCTION**

1.      The allegations in Paragraph 1 are characterizations of Plaintiffs' claims in this case, to which no response is required. To the extent a response is required, Defendants deny the allegations.

2.      Defendants admit the allegations in the first sentence of Paragraph 2 that aquatic, terrestrial, and avian wildlife including Cook inlet beluga whales, fin and humpback whales, Pacific salmon, halibut, northern sea otter, brown and black bears, moose, caribou, Steller's eiders, and migratory birds occur in Cook Inlet; the terms "important" and "magnificent" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 2, and therefore they are denied. Defendants admit the allegations in the second sentence of Paragraph 2 that Alaska Native communities utilize Cook Inlet waters for subsistence, employment, and long-standing cultural practices. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 2, and therefore they are denied.

3.     The allegations in the first three sentences of Paragraph 3 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied.  With respect to the allegations in the fourth sentence of Paragraph 3, Defendants admit that combustion of fossil fuels results in carbon dioxide emissions.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of Paragraph 3, and therefore they are denied.  With respect to the allegations in the fifth sentence of Paragraph 5, Defendants admit that Cook Inlet is experiencing effects of climate change.  Otherwise, the term "severe effects" and the phrase "magnify those harms" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth of the remaining allegations in the fifth sentence of Paragraph 3, and therefore they are denied.

4.     The phrase "[i]n the face of these harms" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth of the corresponding allegations in the first sentence of Paragraph 4, and therefore they are denied.  Defendants admit the remaining allegations in the first sentence of Paragraph 4.  Defendants admit the allegations in the second sentence of Paragraph 4.  Defendants admit the allegations in the third sentence of Paragraph 4 that President Biden signed the Inflation Reduction Act of 2022 in August 2022.  The remaining allegations in the third sentence of Paragraph 4 purport to characterize the Inflation Reduction Act of 2022, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent

with the referenced statute, they are denied.  Defendants admit the allegations in the fourth sentence of Paragraph 4 that the Bureau of Ocean Energy Management (BOEM) issued the Cook Inlet Lease Sale 258 Final EIS ("Final EIS") on October 20, 2022.  The remaining allegations in the fourth sentence of Paragraph 4 purport to characterize a Federal Register notice, 87 Fed. Reg. 65,247 (Oct. 28, 2022), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Federal Register notice, they are denied.

5.      Defendants deny the allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      The allegations in the first sentence of Paragraph 7 purport to characterize public comments submitted by Plaintiffs on the Cook Inlet Lease Sale Draft Environmental Impact Statement ("Draft EIS"), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced public comments, they are denied.  The allegations in the second and third sentences of Paragraph 7 purport to characterize the Final EIS and accompanying Response to Comments (Appendix B), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced Final EIS and Response to Comments, they are denied.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9.

10.    The allegations in Paragraph 10 contain Plaintiffs' request for relief, to

which no response is required.  To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## JURISDICTION AND VENUE

11.     The allegations in Paragraph 11 are conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

12.     The allegations in Paragraph 12 are conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

13.     The allegations in Paragraph 13 are conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

## PARTIES

**I.      Plaintiffs**

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore they are denied.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore they are denied.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore they are denied.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore they are denied.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore they are denied.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore they are denied.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore they are denied.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore they are denied.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 22, and therefore they are denied.  Defendants deny the allegations in the allegations in the third, fourth, fifth, sixth, seventh, and eight sentences of Paragraph 22.  The ninth and final sentence is a legal conclusion, to which no response is required; to the extent a response is required, Defendants deny the allegation.

23.     Defendants deny the allegations in the first, third, fourth, fifth, and sixth sentences of Paragraph 23.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 23, and therefore they are denied.

## II.     Defendants

24.     Defendants admit the allegations in the first sentence of Paragraph 24. Defendants admit the allegations in the first clause of the second sentence of Paragraph 24.  The allegations in the second clause of the second sentence purport to characterize the requirements of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321

Case 3:22-cv-00279-SLG   Document 21   Filed 04/28/23   Page 6 of 30

*et seq.*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with NEPA, they are denied.

25.     Defendants admit the allegations in the first and second sentences of Paragraph 25.  Defendants admit the allegations in the first clause of the third sentence of Paragraph 25.  Defendants admit that BOEM issued the challenged Final EIS.  The allegations in the second clause of the third sentence of paragraph 25 referring to "all other federal laws" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied.

26.     Defendants deny the allegations in Paragraph 26 and aver that Elizabeth Klein is the current Director of the Bureau of Ocean Energy Management.  Pursuant to Federal Rule of Civil Procedure 25(d), Elizabeth Klein, in her official capacity as Director of the Bureau of Ocean Energy Management, is automatically substituted for Amanda Lefton.

27.     Defendants admit the allegations in Paragraph 27.

28.     Defendants admit the allegations in the first and second sentences of Paragraph 28.  The allegations in the third sentence purport to characterize the requirements of NEPA, 42 U.S.C. §§ 4321 *et seq.*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with NEPA, they are denied.

## STATUTORY BACKGROUND

29.     The allegations in Paragraph 29 are conclusions of law to which no

response is required; to the extent a response is required, these allegations are denied.

I.   **National Environmental Policy Act**

30.   The allegations in Paragraph 30 purport to characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, and the Council on Environmental Quality's ("CEQ") implementing regulations, 40 C.F.R. Pt. 1500, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

31.   The allegations in Paragraph 31 purport to characterize provisions of NEPA and a court decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute or court decision, they are denied.

32.   The allegations in Paragraph 32 purport to characterize provisions of NEPA and CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

33.   The allegations in Paragraph 33 purport to characterize a provision of CEQ's implementing regulations, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

34.   The allegations in Paragraph 34 are conclusions of law to which no response is required.

35.     The allegations in Paragraph 35 purport to characterize provisions of NEPA, CEQ's implementing regulations, and a court decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute, regulations, or court decision, they are denied.

36.     The allegations in Paragraph 36 purport to characterize provisions of CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

37.     The allegations in Paragraph 37 purport to characterize provisions of CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

38.     The allegations in Paragraph 38 are conclusions of law to which no response is required.

39.     The allegations in Paragraph 39 purport to characterize provisions of CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

40.     The allegations in Paragraph 40 purport to characterize provisions of CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced

regulations, they are denied.

41.     The allegations in Paragraph 40 purport to characterize NEPA and CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

## II.     Outer Continental Shelf Lands Act

42.     The allegations in Paragraph 42 purport to characterize the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331 *et seq.*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

43.     The allegations in Paragraph 43 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

44.      The allegations in Paragraph 44 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

45.     The allegations in Paragraph 45 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

46.     The allegations in Paragraph 46 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are

inconsistent with the referenced statute, they are denied.

47.     The allegations in Paragraph 47 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

48.     The allegations in Paragraph 48 purport to characterize a provision of the regulations implementing OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

49.     The allegations in Paragraph 49 purport to characterize provisions of the regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

50.     The allegations in Paragraph 50 purport to characterize provisions of the regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

51.     The allegations in Paragraph 51 purport to characterize a provision of the regulations implementing OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

52.      The allegations in Paragraph 52 purport to characterize provisions of the

regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

## III.  Inflation Reduction Act of 2022

53.     The allegations in Paragraph 53 purport to characterize the Inflation Reduction Act ("IRA"), Pub. L. No. 117-169, 136 Stat. 1818 (2022), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

54.      The allegations in Paragraph 54 purport to characterize the IRA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

55.     The allegations in Paragraph 55 purport to characterize the IRA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

## IV.  Administrative Procedure Act

56.     The allegations in Paragraph 56 purport to characterize the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

57.     The allegations in Paragraph 57 purport to characterize the APA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are

inconsistent with the referenced statute, they are denied.

58.     The allegations in Paragraph 58 purport to characterize the APA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

## FACTUAL BACKGROUND

### I.     Cook Inlet, Alaska

59.     With respect to the allegations in Paragraph 59, Defendants admit that Cook Inlet is a semi-enclosed estuary. Defendants admit that the Susitna, Matanuska, and Kenai Rivers flow into Cook Inlet, and Cook Inlet's watershed encompasses a number of national parks, national wildlife refuges, state parks, and a variety of ecosystems. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59, and therefore they are denied.

60.     Defendants admit the allegations in Paragraph 60 that the Cook Inlet watershed provides habitat for five species of Pacific salmon, herring, scallops, halibut, several species of bottom fish, brown and black bears, moose, caribou, migratory birds, wolves, and sea lions.  Otherwise, the terms "sensitive," "unique," and "important" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth of the remaining allegations in Paragraph 60, and therefore they are denied.

61.     With respect to the allegations in the first sentence of Paragraph 61, Defendants admit that the Cook Inlet beluga whale, fin and humpback whales, northern sea otter, and Steller's eider are species known to occur in Cook Inlet.  Otherwise, the

*Cook Inletkeeper, et al. v. Dep't of the Interior, et al.,*
Defs.' Answer To Complaint

Case No. 3:22-cv-00279-SLG
13

remaining allegations in the first sentence of Paragraph 61 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied. Defendants admit the allegations in the second sentence of Paragraph 61 that the current population of Cook Inlet beluga whales is estimated at 279 individuals and has been continuing to decline. Otherwise, the remaining allegations in the second sentence of Paragraph 61 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 62. Defendants admit the allegations in the second and third sentences of Paragraph 62. With respect to the allegations in the fourth sentence of Paragraph 62, Defendants admit that Alaska Native communities utilize Cook Inlet waters for subsistence, employment, and long-standing cultural practices. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of Paragraph 62, and therefore they are denied.

## II. Oil and Gas Production in Cook Inlet

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 regarding the history of oil and gas development in the state waters of Cook Inlet, and therefore they are denied. Defendants admit the allegations in Paragraph 59 that to date there has been no oil and gas production in the federal waters of Cook Inlet, but Defendants aver that exploratory wells have

previously been drilled in the federal waters of Cook Inlet.

64.     Defendants admit the allegations in the first sentence of Paragraph 64 to the extent it is alleging that Hilcorp obtained, rather than "bought" leases in 2017. Defendants admit the allegations in the second sentence of Paragraph 64 that, prior to 2017, 1997 was the last year that new oil and gas leases were issued in the federal waters of Cook Inlet.  Defendants deny the remaining allegations in the second sentence of Paragraph 64.  Defendants admit the allegations in the third sentence of Paragraph 64 that none of the federal oil and gas leases in Cook Inlet that preceded 2017 remain active and that no oil or gas fields were ever developed on them; Defendants deny the remaining allegations in the third sentence of Paragraph 64 that all of the referenced leases expired several years ago and aver that some of these leases expired while others were relinquished.  Defendants admit the allegations in the fourth sentence of Paragraph 64 that Hilcorp is the only oil and gas company currently holding leases in federal waters in the Cook Inlet OCS; Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of Paragraph 64, and therefore they are denied.

65.     The allegations in the first sentence of Paragraph 65 regarding "rocky" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied. As to the remainder of the allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore they are denied.

66.     The allegations in the first sentence of Paragraph 66 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied.  The phrases "myriad risks," "fully mitigated," and "threaten crucial habitat and species health" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth of the allegations in the second sentence of Paragraph 66, and therefore they are denied.  The allegations in the third sentence of Paragraph 66 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied.

## III.     Climate Impacts of Oil and Gas Production

67.     With respect to the allegations in Paragraph 67, Defendants admit that oil and gas production associated with federal oil and gas leasing results in emissions of carbon dioxide and other greenhouse gases that contribute to climate change; the remaining allegations in Paragraph 67 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied.

68.     The reference to "extensive research" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth of the allegations in Paragraph 68, and therefore they are denied.  Moreover, the documents associated with this unspecified "extensive research" speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced research documents, they are denied.

69.     The allegations in Paragraph 69 purport to characterize the 2015 "Paris

Case 3:22-cv-00279-SLG   Document 21   Filed 04/28/23   Page 16 of 30

Agreement" adopted by the United Nations Framework Convention on Climate Change, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced 2015 Paris Agreement, they are denied.

70.     The allegations in Paragraph 70 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth of the allegations. Defendants aver that Executive Order 14,008 provides that "[r]esponding to the climate crisis will require both significant short-term global reductions in greenhouse gas emissions and net-zero global emissions by mid-century or before."

71.     The allegations in the first sentence of Paragraph 71 purport to characterize the 2018 Intergovernmental Panel on Climate Change (IPCC) report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 71, and therefore they are denied.

72.     The reference to "recent studies" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth of the allegations in Paragraph 72, and therefore they are denied. Moreover, these unspecified "recent studies" speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced studies, they are denied.

73.     Defendants admit the allegations in the first sentence of Paragraph 73 that Cook Inlet and Alaska are experiencing effects from climate change. Otherwise, the term

"severe effects" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 73, and therefore they are denied. The terms "front lines" and "global environmental cataclysm" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth of the corresponding allegations in the second sentence of Paragraph 73, and therefore they are denied. Otherwise, the remaining allegations in the second sentence of Paragraph 73 purport to characterize the U.S. Global Change Research Program's Fourth National Climate Assessment, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced document, they are denied. With respect to the allegations in the third sentence of Paragraph 73, Defendants admit that the melting of sea ice and permafrost are impacts from a warming climate that have been observed in Alaska. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 73, and therefore they are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 73, and therefore they are denied. The phrases "[i]conic species," "essential for a healthy and balanced ecosystem," "vibrant tourism and economy," and "harmed by climate change" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 73, and therefore they are denied.

74.     The allegations in the first sentence of Paragraph 74 are vague and

ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied. With respect to the allegations in the second sentence of Paragraph 74, Defendants admit that the extraction and burning of fossil fuels adds carbon to the atmosphere and contributes to atmospheric warming. Otherwise, the phrase "these fossil fuels" is vague and ambiguous and lacks the necessary context for Defendants to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 74, and therefore they are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 74, and therefore they are denied.

## IV.  Energy Transitions and Reduced Need for Oil and Gas Production

75.     The allegations regarding "less and less need," "[u]unprecedented conservation requirements," [n]ationwide . . . solar and wind energy," "[s]everal solar technologies," and "steeply inclining trajectory" are vague and ambiguous and lack the necessary context for Defendants to form a belief as to the truth of the allegations in the first, second, third fourth, and fifth sentences of Paragraph 75, and therefore they are denied. The allegations in the sixth sentence of Paragraph 75 appear to characterize Executive Order 14057, *Catalyzing Clean Energy Industries and Jobs Through Federal Sustainability* (Dec. 8, 2021), which states: "It is therefore the policy of my Administration for the Federal Government to lead by example in order to achieve a carbon pollution-free electricity sector by 203 and net-zero emissions-economy wide by no later than 2050."  To the extent the allegations are inconsistent with Executive Order

14,057, they are denied.

## V. Lease Sale 258 under the Bureau's 2017-2022 Five-Year Offshore Oil and Gas Leasing Program

76.     Defendants admit the allegations in Paragraph 76 that Cook Inlet Lease

Sale 258 was included among the proposed lease sales in the 2017–2022 National Outer

Continental Shelf Oil and Gas Leasing Program.  Defendants deny the remaining

allegations in Paragraph 76.

77.     Defendants admit the allegations in Paragraph 77.

78.     Defendants admit the allegations in Paragraph 78.

79.     Defendants admit the allegations in Paragraph 79.

80.     Defendants admit the allegations in Paragraph 80 that BOEM issued a Draft

EIS for Lease Sale 258 in October 2021 and initiated a 45-day comment period that

ended December 13, 2021.  The remaining allegations in Paragraph 80 purport to

characterize a Federal Register notice, 86 Fed. Reg. 60,068 (Oct. 29, 2021), and a court

decision, *Louisiana v. Biden*, 543 F. Supp. 3d 388 (W.D. La. 2021), which speak for

themselves and are the best evidence of their contents; to the extent the allegations are

inconsistent with the referenced Federal Register notice and court decision, they are

denied.

81.     The allegations in Paragraph 81 purport to characterize the Cook Inlet

Lease Sale 258 Draft EIS, which speaks for itself and is the best evidence of its contents;

to the extent the allegations are inconsistent with the referenced Draft EIS, they are

denied.

82.     The allegations in Paragraph 82 purport to characterize a comment letter submitted by the EPA regarding the Draft EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced comment letter, they are denied.

83.     Defendants admit the allegations in Paragraph 83 that Plaintiffs submitted comments addressing the Draft EIS. The remaining allegations in Paragraph 83 purport to characterize comments submitted on the Draft EIS and the Draft EIS itself, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced comments or Draft EIS, they are denied.

84.     Defendants admit the allegations in Paragraph 84.

85.     Defendants admit the allegations in Paragraph 85.

**VI. Final Environmental Documentation and Decision to Hold Lease Sale 258**

86.     Defendants admit that President Biden signed the IRA on August 16, 2022. The remaining allegations in Paragraph 86 purport to characterize the IRA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the IRA, they are denied.

87.     Defendants admit the allegations in Paragraph 87 that on September 21, 2022, BOEM published a Proposed Notice of Sale for Lease Sale 258 and released proposed Lease Stipulations. Defendants deny the remaining allegations in Paragraph 87.

88.     Defendants admit the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 purport to characterize the Cook Inlet

Lease Sale 258 Final EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Final EIS, they are denied.

90. The allegations in Paragraph 90 purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Final EIS, they are denied.

91. Defendants deny the allegations in the first sentence of Paragraph 91 relating to "the many expected harms to Cook Inlet." The remaining allegations in the first sentence of paragraph 91 purport to characterize statutory provisions, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statutory provisions, they are denied. The allegations in the second and third sentences of Paragraph 91 purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Final EIS, they are denied.

92. Defendants deny the allegations in the first and fourth sentences of Paragraph 92. The allegations in the second and third sentences in Paragraph 92 purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Final EIS, they are denied. The allegations in the fifth sentence of Paragraph 92 are conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

93. Defendants deny the allegations in Paragraph 93 relating to the accuracy of

the greenhouse gas emissions modeling described in the Final EIS. The remaining allegations in Paragraph 93 purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Final EIS, they are denied.

94. Defendants deny the allegations in the first, third, and fifth sentences of Paragraph 94. The allegations in the second sentence of Paragraph 94 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied. The allegations in the fourth sentence of Paragraph 94 purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Final EIS, they are denied.

95. Defendants deny the allegations in the first, third, fourth, and fifth sentences of Paragraph 95. The allegations in the second sentence of Paragraph 95 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied.

96. Defendants deny the allegations in the first sentence of Paragraph 96. The allegations in the second and third sentences of Paragraph 96 purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Final EIS, they are denied. Defendants deny the allegations in the fourth sentence of Paragraph 96. The allegations in the fifth sentence of Paragraph 96 are conclusions of law to which no response is required; to the extent a

response is required, these allegations are denied. Defendants deny the allegations in the sixth sentence of Paragraph 96.

97. Defendants admit the allegations in Paragraph 97 that Plaintiffs submitted letters on November 9, 2022 and November 22, 2022 addressing Cook Inlet Lease Sale 258. Those letters speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced letters, they are denied. Defendants deny the remaining allegations in Paragraph 97.

98. The allegations in Paragraph 98 purport to characterize the Record of Decision ("ROD") for Cook Inlet Lease Sale 258, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced ROD, they are denied.

99. Defendants admit the allegations in Paragraph 99.

100. Defendants admit the allegations in Paragraph 100 and aver that Cook Inlet Lease Sale 258 was held as scheduled on December 30, 2022 at 10 A.M. Alaska Standard Time; Defendants aver that a single bid was received in the amount of $63,983.00.

## FIRST CLAIM FOR RELIEF

101. Defendants incorporate by reference Paragraphs 1 through 100 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

102. The allegations in Paragraph 102 are conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

103. The allegations in Paragraph 103 are conclusions of law to which no

response is required; to the extent a response is required, these allegations are denied.

104.    The allegations in Paragraph 104 are conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

105.    The allegations in Paragraph 105 purport to characterize a court decision, NEPA, and CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced court decision, statute, and regulations, they are denied.

106.    The allegations in Paragraph 106 consist of conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in the first clause of Paragraph 112.  The allegations in the second clause of Paragraph 112 consist of conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

## SECOND CLAIM FOR RELIEF

113.    Defendants incorporate by reference Paragraphs 1 through 112 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

114.    The allegations in Paragraph 114 purport to characterize NEPA and CEQ's

implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

115.    The allegations in Paragraph 115 purport to characterize NEPA and CEQ's implementing regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

116.    The allegations in Paragraph 116 are conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

117.    The allegations in Paragraph 117 are conclusions of law to which no response is required; to the extent a response is required, these allegations of are denied. allegations in Paragraph 117.

118.    Defendants deny the allegations in the first sentence of Paragraph 118.  The allegations in the second sentence of Paragraph 118 purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Final EIS, they are denied.

119.    The allegations in Paragraph 119 purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Final EIS, they are denied.

120.    The allegations in Paragraph 120 purport to characterize public comments on the Draft and/or Final EIS submitted by Plaintiffs and other commenters, which speak

for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced public comments, they are denied.

121.    The allegations in the first sentence of Paragraph 121 are conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.  The allegations in the second sentence of Paragraph 121 are vague and ambiguous and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied.

122.    Defendants deny the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in the first clause of Paragraph 124.  The allegations in the second clause of Paragraph 124 consist of conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

## THIRD CLAIM FOR RELIEF

125.    Defendants incorporate by reference Paragraphs 1 through 124 above in response to the corresponding paragraphs of Plaintiffs' Complaint.

126.    The allegations in Paragraph 126 purport to characterize NEPA, CEQ's implementing regulations, and a court decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute, regulations, or court decision, they are denied.

127.    The allegations in the first and second sentences of Paragraph 127 purport to characterize comments Plaintiffs submitted on the Draft EIS, which speak for

themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced comments, they are denied. Defendants deny the allegations in the third sentence of Paragraph 127.

128. The allegations in Paragraph 128 purport to characterize the Final EIS and the accompanying Response to Comments, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced Final EIS and Response to Comments, they are denied.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants deny the allegations in the first clause of Paragraph 130. The allegations in the second clause of Paragraph 130 consist of conclusions of law to which no response is required; to the extent a response is required, these allegations are denied.

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought or any form of relief.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2.      Plaintiffs have failed to properly establish subject matter jurisdiction for some or all of their claims.

3.      Plaintiffs lack standing for some or all of their claims.

        WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs all relief requested, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.


DATED: April 28, 2023.

                                TODD KIM
                                Assistant Attorney General
                                Environment and Natural Resources Division

                                */s/ Luther L. Hajek*
                                LUTHER L. HAJEK (CO Bar 44303)
                                United States Department of Justice
                                Environment and Natural Resources Division
                                999 18th St., South Terrace, Suite 370
                                Denver, CO 80202
                                Ph: (303) 844-1376; Fax: (303) 844-1350
                                luke.hajek@usdoj.gov


                                *Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Luther L. Hajek*
Luther L. Hajek