TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| COOK INLETKEEPER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | Case No. 3:22-cv-00279-SLG |

**DEFENDANTS' RESPONSE TO**
**THE STATE OF ALASKA'S INTERVENTION MOTION**

Defendants hereby respond to the State of Alaska's motion for leave to intervene, ECF No. 20. Defendants oppose Alaska's motion to intervene as of right and take no position on permissive intervention.

## INTRODUCTION

Alaska cannot meet its burden to make the compelling showing that is required for intervention as of right. The interests in this case are straightforward, concerning one lease sale, which resulted in one lease bid and one lease. And the State's interests regarding this particular litigation are practically identical to the Defendants' interests here, because both entities equally seek to defend that lease. Thus, Defendants adequately represent the United States in this litigation, including residents of the Cook Inlet region and greater Alaska. Because Alaska's broader concerns regarding alleged energy policy disagreements between the State and the federal government have no bearing on the issues presented in this case and the State has failed to show otherwise, the Court should deny Alaska's request to intervene as of right.

## BACKGROUND

Plaintiffs challenge the Bureau of Ocean Energy Management's ("BOEM's") Final Environmental Impact Statement and implementation of oil and gas Lease Sale 258 in federal waters in the Cook Inlet region. On August 16, 2022, President Biden signed the Inflation Reduction Act into law, which provided that "not later than December 31, 2022, the Secretary shall conduct Lease Sale 258." INFLATION REDUCTION ACT, Pub. L. No. 117-169, H.R. 5378-243, Sec. 50264(c). Pursuant to Congress's direction, BOEM held the sale on December 30, 2022.

During Lease Sale 258, BOEM received just a single bid—for approximately $64,000—on one Outer Continental Shelf block out of the one hundred and ninety-three

blocks made available. On March 24, 2023, BOEM awarded a lease for that block to Hilcorp Alaska LLC.

Plaintiffs challenge the adequacy of the environmental analysis in the Final Environmental Impact Statement supporting Lease Sale 258. Their complaint alleges several violations of the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act. Plaintiffs seek a declaration that Lease Sale 258 is unlawful as well as vacatur of the sale and the Hilcorp lease. *See*, ECF No. 1, Pls' Complaint at 37-38.

## LEGAL STANDARD

"An applicant for intervention as of right under Fed. R. Civ. P. 24(a)(2) must establish four elements: (1) that the prospective intervenor's motion is "timely"; (2) that the would-be intervenor has "a 'significantly protectable' interest relating to . . . the subject of the action," (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (quoting *Freedom from Religion Found. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011)).

The movant bears the burden of establishing each element. *Id.* "Failure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

## ARGUMENT

"The Ninth Circuit considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), as amended (May 13, 2003). However, "[t]he most important factor in determining the adequacy of representation is how the [proposed intervenor's] interest compares with the interests of existing parties." *Id.*

An existing party's representation is presumed adequate "[w]hen an applicant for intervention and an existing party have the same ultimate objective." *Id.* And in the context of governmental parties, courts further presume that a government "adequately represents its citizens when the applicant shares the same interest." *Id.*; *see also United States v. California*, No. 2:18-cv-490-JAM-KJN, 2018 WL 1993937, at *2 (E.D. Cal. Apr. 27, 2018) (holding that the United States is presumed to adequately represent the interests of its constituents). When these presumptions apply, it is the movant's burden to rebut them with "a compelling showing" of inadequacy. *Arakaki*, 324 F.3d at 1086; see also *Prete v. Bradbury*, 438 F.3d 949, 956-57 (9th Cir. 2006) (further describing the two presumptions).

Both presumptions apply here. First, Defendants and the State share the same "ultimate objective," which is to uphold the legality of Lease Sale 258 under NEPA and

other applicable federal laws, leading to the dismissal of this case. *See* ALASKA'S MOTION TO INTERVENE, ECF No. 20 at 13 (conceding that "Alaska shares an interest with the federal sovereign in seeing the final EIS and record of decision for Lease Sale 258, and the resulting leases, upheld"). Second, the United States represents the interests of its constituents, which include the same Alaska citizens that the State seeks to represent as an intervenor in this litigation. It is therefore the States' "compelling burden" to overcome this presumption by demonstrating that Defendants cannot or will not represent those interests. *Arakaki*, 324 F.3d at 1087-88 (where governmental defendants are presumed to adequately represent interests, the "only question" is whether they are "capable and willing to make" proposed arguments "should it be necessary").

The State has not carried its burden, primarily because the interests that Alaska identifies generally align with the interests of the United States. Both the State and the federal government receive revenue from offshore leasing, and both share an interest in defending the socioeconomic benefits of Lease Sale 258. *See* ALASKA'S MOTION TO INTERVENE, ECF No. 20 at 12 (referring to "revenue sharing"[1] and "spin off economic activity" as two of the interests Alaska has in this litigation).

---

[1] While Defendants acknowledge the State of Alaska's economic interest in defending Lease Sale 258, according to BOEM's records, the lone lease issued as a result of Lease Sale 258 is not located "within three nautical miles of the seaward boundary" of Alaska and therefore the State would not be entitled to a share of any revenues that could come from the lease. *See* 43 U.S.C. § 1337(g)(2); Map of Cook Inlet Outer Continental Shelf Leased Areas (BOEM, April 1, 2023), available at https://www.boem.gov/sites/default/files/documents/environment/Map%20of%20Active%20Leases%20Cook%20Inlet%20OCS.pdf.

More fundamentally, Alaska's motion falls short of its burden because its attempts to identify a divergence between its interests and those of the United States stray far beyond the bounds of this case. Relying on the environmental impact statement for Lease Sale 258, Alaska posits that "exploration and development of Lease Sale 258 could yield 192 billion barrels of oil and between 220 and 301 billion cubic feet of natural gas." ALASKA'S MOTION TO INTERVENE, ECF No. 20 at 8. Alaska then argues that the United States will not adequately represent its interests because "Alaska's interests and priorities weigh more heavily in favor of development" than those of the United States. ALASKA'S MOTION TO INTERVENE, ECF No. 20 at 13. But those contentions have no bearing here because Lease Sale 258 yielded only a single bid, and resulted in the issuance of only a single lease. And Alaska has failed to make any showing—much less a "compelling showing"—that the United States will not adequately represent the State's interests in defending BOEM's issuance of that one lease. For all of these reasons, Alaska has failed to demonstrate that its interests are inadequately represented by Defendants.

## CONCLUSION

The Court should deny the State's motion for intervention as of right because its interests are adequately represented by the United States. Defendants take no position concerning Alaska's request for permissive intervention.

DATED: May 10, 2023.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Luther L. Hajek*
LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2023, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Luther L. Hajek*
Luther L. Hajek