TREG TAYLOR
ATTORNEY GENERAL

Hugh P. Dowell (Alaska Bar No. 2205034)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: *hugh.dowell@alaska.gov*

Attorney for the State of Alaska

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER, *et al.*, )<br><br>Plaintiffs, )<br><br>v. )<br><br>U.S. DEPARTMENT OF THE )<br>INTERIOR, *et al.*, )<br><br>Defendants. ) | <br><br><br><br><br><br><br><br>Case No.: 3:22-cv-00279-SLG<br> |

**STATE OF ALASKA'S REPLY IN SUPPORT ITS MOTION TO INTERVENE**

This Court should grant the State of Alaska's motion to intervene because the

State has important sovereign interests—as a neighboring sovereign landowner, a

sovereign state participating in the federal system, a regulator and taxing authority, and a

sovereign concerned for the health and socio-economic interests of residents that follow

from responsible development and energy security—in the defense of Cook Inlet Lease

258, its Final EIS, Record of Decision, and the lease requested for rescission here.

At the outset, no party opposes the State's permissive intervention here. While the

Plaintiffs disagreed with some of the arguments made in the State's motion, the Plaintiffs

ultimately did not oppose the State's request to intervene, whether as a matter of right or

under permissive intervention.[1] Similarly, the Federal Defendants took "no position" on

permissive intervention in their response to the State's request.[2] And in its motion for

intervention, the State showed that its claims in defending Lease Sale 258 share common

questions of fact and law with the original claims here.[3] Given that no party contests the

State's assertions supporting permissive intervention, this Court should exercise its

discretion and allow the State to intervene.

The Federal Defendants, however, opposed intervention as a matter of right based

on a limited ground.[4] For a party to intervene as a matter of right, it must (1) timely

intervene, (2) possess a protectable interest relating to the property or transaction that is

the subject of the action, (3) show that disposition of the matter will affect its ability to

protect its interest, and (4) show that none of the existing parties adequately represent its

interest.[5] Of these four factors, the Federal Defendants argue that the State failed to meet

only one, by not meeting its burden to show that the State's interests would not be

adequately represented by the Federal Defendants.[6]

---

[1]     Pls.' Non-Opp'n to State of Alaska's Mot. to Intervene, ECF No. 22 at 2.
[2]     Defs.' Resp. to the State of Alaska's Mot. to Intervene, ECF No. 23 at 1.
[3]     State of Alaska's Mem. of Law in Supp. of its Mot. to Intervene, ECF No. 20-1 at
15-16.
[4]     Defs.' Resp. at 1.
[5]     *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted).
[6]     Defs.' Resp. at 4–6.

Generally, the burden on a party seeking intervention to show inadequate representation is minimal.[7] If a court's determination of an action would substantially affect a party, that party should be allowed to intervene.[8] This minimal burden is increased when an intervening party shares an ultimate objective with an existing party or the government is acting on behalf of its constituents.[9] The Court should not apply this higher burden, given the strong evidence of divergent interests between the Federal Defendants and the State. Nevertheless, the State meets the higher burden, and nothing impedes this Court from allowing the State to intervene as a matter of right.

Adequacy of representation is met when an existing party is "capable and willing" to make the proposed intervenor's arguments. Though the Federal Defendants make much of the "ultimate objective" and some interests they share with the State, notably, their opposition did not positively state that they were capable and willing to make proposed arguments the State would make.

The absence of any positive declaration is further enhanced by the minimizing tone of the Federal Defendants' opposition and also indicates the difference of interests and importance of the issues between the parties. The Federal Defendants' opposition describes the case as "concerning one lease sale, which resulted in one lease bid and one lease" and suggests that the energy and development interests of State have no bearing

---

[7]    *Arakaki*, 324 F.3d at 1086 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)).

[8]    *Id.* (citing *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001)).

[9]    *Id.* (citations omitted).

Case 3:22-cv-00279-SLG   Document 26   Filed 05/17/23   Page 3 of 6

because "Lease Sale 258 yielded only a single bid."[10] These characterizations attempt to minimize the State's particular interests in Lease Sale 258 and further reveal that Federal Defendants will not adequately represent the State's interests in this matter.

First, as described in the State's motion, the State has been participating for years to move this particular Lease Sale forward.[11] By contrast, the Federal Defendants have either not held sales, delayed sales, or "paused" sales, including this one.[12] Given this unique background, the Federal Defendants are not entitled to any presumptions that they might adequately represent the State's interests merely by seeking a similar outcome. Indeed, far from being extraneous to the issue here, the Federal Defendants' reluctance concerning Lease 258 as discussed in the State's request for intervention only underscores why application of the claimed presumption is inappropriate.[13] Second, the Federal Defendants' minimization of the lease at issue here reflects a failure to recognize the economies of scale and the importance of additional development in this area, and impacts to State leases, that even one lease sale will bring.[14]

Third, the Federal Defendants are also not entitled to any presumption that their representation here is adequate because they are not representing one of their

---

[10]     Defs.' Resp. at 2, 6.
[11]     State of Alaska's Mem. in Supp. at 1–4, 13–14.
[12]     Letter from H. Comm. on Oversight & Accountability and H. Comm. on Nat. Res., to Laura Daniel Davis, Principal Deputy Assistant Sec'y, U.S. Dep't of the Interior (March 28, 2023), available at https://oversight.house.gov/wp-content/uploads/2023/03/Letter-to-DOI-re-BOEM-lease-sale-258-032823.pdf (expressing concerns over delays on leasing including in the Cook Inlet).
[13]     State of Alaska's Mem. in Supp. at 12–13.
[14]     Declaration of Dir. Derek Nottingham ¶¶ 6-7, ECF No. 20-3.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
Reply in Supp. of State of Alaska's Mot. to Intervene

constituencies.[15] The State's intervention is not merely for the interests of its citizens but also to vindicate its rights and interests as a neighboring landowner. The State as a neighboring landowner, sovereign, and participant in the EIS process is more than a mere constituent of the United States and would bring significant expertise and viewpoints that may be overlooked by the Federal Defendants but would aid the Court.

Fourth, given the early stages of this matter, there is no indication the Federal Defendants will continue to defend the lease sale or will advocate in defense to the same extent as the State. One of the same federal defendants, Department of Interior, has even reversed positions after argument *en banc*.[16] Thus given the history on this sale and those recent actions by Department of Interior, even if the Federal Defendants here had made a positive statements of willingness (which they have not), the State's intervention as a matter of right should still be granted because the parties interests and arguments pursued may differ during the litigation. The State seeks to avoid such an outcome by seeking intervention at the earliest possible moment, to best assist the Court and best ensure the vindication of its separate interests.

---

[15] *See Arakaki*, 324 F.3d at 1086 (citation omitted) ("There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents.").

[16] *Friends of Alaska National Wildlife Refuge v. Haaland*, No. 20-35721, ECF No. 144 (purporting to unilaterally withdraw from a land exchange previously defended during en banc review); see also, *Organized Village of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 963 (9th Cir. 2015).

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
Reply in Supp. of State of Alaska's Mot. to Intervene Page 5 of 6

Case 3:22-cv-00279-SLG   Document 26   Filed 05/17/23   Page 5 of 5

# CONCLUSION

The State of Alaska meets the requirements for both intervention as a matter of right and permissive intervention under Federal Rule of Civil Procedure 24. Thus, this Court should grant Alaska's motion to intervene.

DATED: May 17, 2023.

TREG TAYLOR
ATTORNEY GENERAL


By:    */s/Hugh P. Dowell*
Hugh P. Dowell
Assistant Attorney General
Alaska Bar No. 2205034
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5232
Facsimile: (907) 276-3697
Email: hugh.dowell@alaska.gov
Attorney for the State of Alaska

## Certificate of Service

I certify that on May 17, 2023, a copy of the foregoing State of Alaska's Reply in Support its Motion to Intervene was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/Hugh P. Dowell
Hugh P. Dowell
Assistant Attorney General

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
Reply in Supp. of State of Alaska's Mot. to Intervene   Page 6 of 6

Case 3:22-cv-00279-SLG   Document 26   Filed 05/17/23   Page 6 of 6