IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER, *et al.*,<br><br>                  Plaintiffs,<br><br>        v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>                  Defendants,<br><br>        and<br><br>THE STATE OF ALASKA,<br><br>                  Intervenor-Defendant. | Case No. 3:22-cv-00279-SLG |

## **ORDER RE MOTION TO INTERVENE**

Before the Court at Docket 20 is Movant State of Alaska's (the "State") *Motion to Intervene* as a defendant pursuant to Rule 24 of the Federal Rules of Civil Procedure. Plaintiffs responded in non-opposition at Docket 22; Federal Defendants responded in partial opposition at Docket 18. The State replied at Docket 26. Oral argument was not requested and was not necessary to the Court's determination. After reviewing the parties' filings, the Court concludes that the State has valid grounds for intervention as of right.

Rule 24(a) of the Federal Rules of Civil Procedure requires district courts to allow a party to intervene as of right if the party "claims an interest relating to the

property or transaction that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." A party seeking to intervene must meet each element of a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.[1]

Prospective intervenors bear the burden of establishing each of these elements, although "the requirements for intervention are [to be] broadly interpreted in favor of intervention."[2]

In this case, the State meets the first three elements. First, the State's motion is timely. When the State moved to intervene, Plaintiffs had yet to file an amended complaint, Federal Defendants had not filed an answer, and no dispositive motions had been filed.[3] Second, the State's "economic and energy-security interests in the development of oil and gas resources in the Cook Inlet" constitute a "significantly protectable interest" relative to this action.[4] And third, the Court agrees with the State

---

[1] *See Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (internal quotations omitted) (quoting *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

[2] *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (alteration in original) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

[3] Docket 20-1 at 6 (Memorandum in Support of Motion).

[4] *Id.* at 10. Specifically, the State highlights its interest in the "responsible development of oil and natural gas activities[,]" which is crucial to State's annual revenue, job opportunities for Alaska

Case No. 3:22-cv-00279-SLG, *Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.*
Order re Motion to Intervene
Page 2 of 6

Case 3:22-cv-00279-SLG   Document 28   Filed 06/08/23   Page 2 of 6

that because it has a substantial interest in lease sales in Cook Inlet, "it naturally follows that the disposition of this case will affect that interest."[5]

Turning to the fourth element, the State contends that Federal Defendants will not adequately represent its interests.[6] The State highlights that "the Outer Continental Shelf Lands Act, the statute that governs the Department of Interior's leasing activities, anticipates and recognizes that federal and state sovereigns might have differing interests in implementing lease sales under the Act."[7] Under this framing, the State maintains that it "has broader interests than those of the existing parties[.]"[8] The State further asserts that its interest in oil and gas development in Cook Inlet "appears to conflict with the federal government's policy preferences[.]"[9] On these grounds, the State concludes that its "interests are also broader than, and possibly contrary to, those of the current parties to the litigation."[10]

---

citizens, energy security, and related economic development on both state and federal lands. *Id.* at 7–8; *see also* Docket 20-3 at 2–3 (Nottingham Declaration).

[5] Docket 20-1 at 10–11.

[6] *Id.* at 11–14.

[7] *Id.* at 11–12 (citing 43 U.S.C. § 1331, *et seq.*).

[8] *Id.* at 12.

[9] *Id.* After pointing to a leaked internal memorandum discussing the lease sale in this case, the State argues that the disparity between the parties' positions on oil and gas royalty rates demonstrates that the State and Federal Defendants have conflicting policy positions that will impact the proceedings. *Id.* at 12–13 (citing Thomas Catenacci, *Biden Admin Makes Stunning Admission on Climate Agenda in Leaked Internal Memo*, FOX NEWS (Mar. 3, 2023), https://www.foxnews.com/politics/biden-admin-makes-stunning-admission-climate-agenda-leaked-internal-memo); *see generally* Docket 20-4 (Lefton Memorandum).

[10] Docket 20-1 at 13.

Case No. 3:22-cv-00279-SLG, *Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.*
Order re Motion to Intervene
Page 3 of 6
Case 3:22-cv-00279-SLG   Document 28   Filed 06/08/23   Page 3 of 6

In opposition, Federal Defendants assert that the State has not carried its burden in showing inadequate representation "primarily because the interests that [the State] identifies generally align with the interests of the [Federal Defendants]."[11] Federal Defendants highlight that "[b]oth the State and the federal government receive revenue from offshore leasing, and both share an interest in defending the socioeconomic benefits of [the lease sale at issue]."[12] Federal Defendants further contend that any divergence between the State's interests and its own is beyond the scope of this case and "ha[s] no bearing" on the single lease sale at issue in this case.[13] As such, according to Federal Defendants, the State "has failed to demonstrate that its interests are inadequately represented by [Federal Defendants]" and should not be permitted to intervene as of right.[14]

When considering the adequacy of representation, courts consider three factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.[15]

---

[11] Docket 23 at 5.

[12] *Id.*

[13] *Id.* at 5–6.

[14] *Id.* at 6.

[15] *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

Case No. 3:22-cv-00279-SLG, *Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.*
Order re Motion to Intervene
Page 4 of 6
Case 3:22-cv-00279-SLG   Document 28   Filed 06/08/23   Page 4 of 6

Additionally, a presumption of adequate representation may arise if the proposed intervenor's "interest is identical to that of one of the present parties" or "when the government is acting on behalf of a constituency that it represents."[16] The proposed intervenor may overcome this presumption by demonstrating a "compelling showing" to the contrary.[17]

Here, the State has shown that Federal Defendants may not adequately represent its interests in this case and that no presumption of adequate representation applies.[18] The Court is not persuaded that Federal Defendants will "undoubtedly" advocate for all the State's potential arguments or that Federal Defendants are necessarily willing to make such arguments in this case. Notably, the State and Federal Defendants have held differing positions regarding the economic impacts this lease sale has on the State's energy security and oil and gas development.[19] Moreover, the Court agrees that the State occupies a unique role in

---

[16] *Id.* (citing *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1305 (9th Cir. 1997); *United States v. City of Los Angeles,* 288 F.3d 391, 401 (9th Cir. 2002)).

[17] *Id.*

[18] The presumption is inapplicable for two reasons. First, the State's interests in this matter are not identical to those of Federal Defendants. Second, the State's interest as an intervenor springs from its role "as a neighboring landowner, sovereign, and participant in the [Environmental Impact Statement] process," which extends beyond that of its interest deriving from its role to advocate on behalf of its citizens. *See* Docket 26 at 5.

[19] *See id.* at 4 ("[T]he State has been participating for years to move this particular Lease Sale forward. By contrast, the Federal Defendants have either not held sales, delayed sales, or 'paused' sales, including this one.") (citing Letter from the House Comm. on Oversight & Accountability and House Comm. on Nat. Res., to Laura Daniel Davis, Principal Deputy Assistant Sec'y, U.S. Dep't of the Interior (March 28, 2023), https://oversight.house.gov/wp-content/uploads/2023/03/Letter-to-DOI-re-BOEM-lease-sale-258-032823.pdf (expressing concerns over delays on leasing in Cook Inlet and emphasizing the importance that this lease sale has in "ameliorat[ing] the longer-term [energy] supply challenges facing the Anchorage area")).

Case No. 3:22-cv-00279-SLG, *Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.*
Order re Motion to Intervene
Page 5 of 6

Case 3:22-cv-00279-SLG   Document 28   Filed 06/08/23   Page 5 of 6

representing the interests of its citizens and in "vindicat[ing] its rights and interests" as a sovereign and neighboring landowner.[20] The State's intervention could contribute certain "necessary elements" that might otherwise be neglected by the existing parties.[21] In sum, the State has satisfied all elements of the four-part test, entitling it to intervention as of right.[22]

For these reasons, the State's *Motion to Intervene* as of right at Docket 20 is GRANTED. IT IS ORDERED that the State is hereby admitted into this litigation as an Intervenor-Defendant with full rights of participation. A clean copy of its Answer shall be filed within **seven days** of the date of this order. The case caption in this matter is amended as shown above.

IT IS SO ORDERED.

DATED this 8th day of June, 2023 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[20] *See id.* at 5.

[21] *See Arakaki*, 324 F.3d at 1086.

[22] The State also maintains that it meets the requirements for permissive intervention. *See* Fed. R. Civ. Pro. 24(b)(1)(B); Docket 20 at 14–15. In response, Federal Defendants "take no position concerning [the State's] request for permissive intervention." Docket 23 at 1, 6. Because the Court finds that the State may intervene as of right, it declines to reach the merits of this claim.

Case No. 3:22-cv-00279-SLG, *Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.*
Order re Motion to Intervene
Page 6 of 6
Case 3:22-cv-00279-SLG   Document 28   Filed 06/08/23   Page 6 of 6