TREG TAYLOR
ATTORNEY GENERAL

Mary Hunter Gramling (Alaska Bar No. 1011078)
Chief Assistant Attorney General
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2417
Email: *mary.gramling@alaska.gov*

*Attorney for the State of Alaska*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER, *et al.*, )<br><br>Plaintiffs, )<br><br>v. )<br><br>U.S. DEPARTMENT OF THE )<br>INTERIOR, *et al.*, )<br><br>Defendants. ) | <br><br><br><br><br><br><br><br><br>Case No.: 3:22-cv-00279-SLG |

## STATE OF ALASKA'S ANSWER IN INTERVENTION

The State of Alaska files this answer in the above-captioned case.

1.      The allegations in paragraph 1 are the Plaintiffs' characterization of this action and require no response. To the extent that they might be treated as factual allegations, they are denied.

2.      Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, on that basis, denies the allegations.

3.      Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and, on that basis, denies the allegations.

4.      The allegations in the first sentence of paragraph 4 are the Plaintiffs' characterization of Defendants' intentions in pursuing Cook Inlet Lease Sale 258 and are denied. Alaska admits the allegations in the second through fourth sentences in paragraph 4.

5.      Alaska denies the allegations in paragraph 5.

6.      Alaska denied the allegations in paragraph 6.

7.      Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, on that basis, denies the allegations.

8.      Alaska admits the allegations in paragraph 8.

9.      The allegations in paragraph 9 are conclusions of law that require no response. To the extent that any response is required, Alaska denies the allegations in paragraph 9.

10.      The allegations in paragraph 10 are the Plaintiffs' prayer for relief and requires no response. To the extent that they might be treated as factual allegations, Alaska denies that the Plaintiffs are entitled to the relief sought.

11.      The allegations in paragraph 11 are conclusions of law that require no response.

12.      The allegations in paragraph 12 are conclusions of law that require no response.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer                                                                 Page 2 of 23
Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 2 of 23

13.     The allegations in paragraph 13 are conclusions of law that require no response.

14.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, denies the allegations.

15.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, on that basis, denies the allegations.

16.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, on that basis, denies the allegations.

17.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, on that basis, denies the allegations.

18.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, denies the allegations.

19.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, denies the allegations.

20.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, on that basis, denies the allegations.

21.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, on that basis, denies the allegations.

22.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 22 and, on that basis, denies the allegations. The remaining allegations are Plaintiffs' characterization of

this action or conclusions of law that require no response. To the extent, however, that the remaining allegations might be treated as factual allegations, they are denied.

23. The allegations in the first sentence of paragraph 23 are conclusions of law requiring no response. To the extent, however, that they might be treated as factual allegations, they are denied. Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 23 and, on that basis, denies the allegations. The remaining allegations are Plaintiffs' characterization of the potential effects of Defendants' alleged actions and are denied.

24. Alaska admits the allegations in the first sentence of paragraph 24. The allegations in the second sentence of paragraph 24 are conclusions of law, to which no response is required. To the extent that the allegations in the second sentence of paragraph 24 could be treated as factual allegations, they are denied.

25. Alaska admits the allegations in the first sentence of paragraph 25. The remaining allegations are conclusions of law requiring no response. To the extent that the allegations might be treated as factual allegations, they are denied.

26. Alaska admits the allegations in paragraph 26.

27. The allegations in paragraph 27 contain both factual allegations and conclusions of law. Alaska admits that defendant Deb Haaland is Secretary of the Department of the Interior and that she is being sued in her official capacity. The remaining allegations in paragraph 27 are conclusions of law, requiring no response. To the extent those allegations might be treated as factual allegations, they are denied.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer Page 4 of 23

Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 4 of 23

28.     Alaska admits the allegations in the first sentence of paragraph 28. The remaining allegations are conclusions of law requiring no response. To the extent those allegations might be treated as factual allegations, they are denied.

29.     The allegations in paragraph 29 are conclusions of law requiring no response.

30.     The allegations in paragraph 30 are the Plaintiffs' characterization of and quotations from the National Environmental Policy Act (NEPA) and related regulations, which require no response. Alaska states the statute and regulations are the best evidence of their content. To the extent that the allegations in paragraph 30 deviate from the statutes and regulations, they are denied.

31.     The allegations in paragraph 31 are the Plaintiffs' characterization of NEPA and Plaintiffs' characterization of and quotation from a related U.S. Supreme Court opinion, both of which require no response. Alaska states the statutes and the Supreme Court's opinion are the best evidence of their content. To the extent that the allegations in paragraph 31 deviate from the statute and Supreme Court's opinion, they are denied.

32.     The allegations in paragraph 32 are the Plaintiffs' characterizations of and quotations from NEPA and related regulations, which require no response. Alaska states that the statutes and regulations are the best evidence of their content. To the extent that the allegations in paragraph 32 deviate from the statutes and regulations, they are denied.

33.     The allegations in paragraph 33 are Plaintiffs' characterization of and quotation from a federal regulation, which requires no response. Alaska states that the

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer
Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 5 of 23
Page 5 of 23

regulation is the best evidence of its contents. To the extent that the allegations in paragraph 33 deviate from the regulation or quotation, they are denied.

34.    The allegations in paragraph 34 are legal conclusions requiring no response.

35.    The allegations in paragraph 35 are Plaintiffs' characterization of and quotation from a federal appellate opinion interpreting NEPA and Plaintiffs' characterization of NEPA and related regulations, none of which require a response. Alaska asserts that the federal appellate opinion, statutes, and regulations are the best evidence of their content. To the extent that the allegations in paragraph 35 deviate from the federal appellate opinion, the cited statutes and regulations, or the quotations contained in the complaint, they are denied.

36.    The allegations in paragraph 36 are Plaintiffs' characterization of a federal regulation requiring no response. Alaska states the regulation is the best evidence of its content. To the extent that the allegations in paragraph 36 deviate from the regulation, they are denied.

37.    The allegations in paragraph 37 are Plaintiffs' characterization of and quotations from federal regulations implementing NEPA, requiring no response. Alaska states that the regulations are the best evidence of their content. To the extent that the allegations in paragraph 37 deviate from the regulations or quotations, they are denied.

38.    The allegations in paragraph 38 are conclusions of law requiring no response.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer Page 6 of 23

Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 6 of 23

39.     The allegations in paragraph 39 are Plaintiffs' characterization of and quotations from federal regulations implementing NEPA, requiring no response. To the extent that the allegations in paragraph 39 deviate from those regulations or quotations, they are denied.

40.     The allegations in paragraph 40 are Plaintiffs' characterization of several federal regulations, requiring no response. Alaska states that the regulations are the best evidence of their content. To the extent that the allegations in paragraph 40 deviate from those regulations, they are denied.

41.     The allegations in paragraph 41 are Plaintiffs' characterization of several federal regulations, requiring no response. Alaska states that the regulations are the best evidence of their content. To the extent that the allegations in paragraph 41 deviate from those regulations, they are denied.

42.     The allegations in paragraph 42 are Plaintiffs' characterization of the Outer Continental Shelf Lands Act (OCSLA), requiring no response. Alaska states that the statutes cited in the complaint are the best evidence of their content. To the extent that the allegations in paragraph 42 deviate from those statutes, they are denied.

43.     The allegations in paragraph 43 are Plaintiffs' characterization of and a quotation from OCLSA, requiring no response. Alaska states that the statute is the best evidence of its content. To the extent that the allegations in paragraph 43 deviate from that statute, they are denied.

*Cook Inletkeeper, et al., v. U.S Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer
Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 7 of 23   Page 7 of 23

44.     The allegations in paragraph 44 are Plaintiffs' characterization of and a quotation from OCLSA, requiring no response. Alaska states that the statutes cited are the best evidence of is content. To the extent that the allegations in paragraph 44 deviate from that statute or quotation, they are denied.

45.     The allegations in paragraph 45 are Plaintiffs' characterization of OCLSA, requiring no response. Alaska states that the statutes cited are the best evidence of their content. To the extent that the allegations in paragraph 45 deviate from those statutes, they are denied.

46.     The allegations in paragraph 46 are Plaintiffs' characterization of OCLSA, requiring no response. Alaska states that the statute cited is the best evidence of its content. To the extent that the allegations in paragraph 46 deviate from that statute, they are denied.

47.     The allegations in paragraph 47 are Plaintiffs' characterization of and a quotation from OCLSA, requiring no response. Alaska states that the statute cited is the best evidence of its content. To the extent that the allegations in paragraph 47 deviate from that statute or quotation, they are denied.

48.     The allegations in paragraph 48 are Plaintiffs' characterization of a federal regulation implementing OCLSA, requiring no response. Alaska states that the regulation cited is the best evidence of its content. To the extent that the allegations in paragraph 48 deviate from that regulation, they are denied.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer                                                                Page 8 of 23
Case 3:22-cv-00279-SLG    Document 29    Filed 06/15/23    Page 8 of 23

49.    The allegations in paragraph 49 are Plaintiffs' characterization of federal regulations implementing OCLSA, requiring no response. Alaska states that the regulations cited are the best evidence of their content. To the extent that the allegations in paragraph 49 deviate from those regulations, they are denied.

50.    The allegations in paragraph 50 are Plaintiffs' characterization of and a quotation from federal regulations implementing OCLSA, requiring no response. Alaska states that the regulations cited are the best evidence of their content. To the extent that the allegations in paragraph 50 deviate from those regulations or the quotation in the complaint, they are denied.

51.    The allegations in paragraph 51 are Plaintiffs' characterization of a federal regulation implementing OCLSA, requiring no response. Alaska states that the regulation cited is the best evidence of its content. To the extent that the allegations in paragraph 51 deviate from that regulation, they are denied.

52.    The allegations in paragraph 52 are Plaintiffs' characterization of federal regulations implementing OCLSA, requiring no response. Alaska states that the regulations cited are the best evidence of their content. To the extent that the allegations in paragraph 52 deviate from those regulations, they are denied.

53.    The allegations in paragraph 53 are Plaintiffs' characterization of the Inflation Reduction Act of 2022 (IRA), requiring no response. Alaska states the text of the IRA is the best evidence of its content. To the extent that the allegations in paragraph 53 deviate from the Act, they are denied.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer
Case 3:22-cv-00279-SLG    Document 29    Filed 06/15/23    Page 9 of 23
Page 9 of 23

54.     The allegations in paragraph 54 are Plaintiffs' characterization of the IRA, requiring no response. Alaska states the text of the IRA is the best evidence of its content. To the extent that the allegations in paragraph 54 deviate from the Act, they are denied.

55.     The allegations in paragraph 55 are Plaintiffs' characterization of and a quotation from the IRA, requiring no response. Alaska states the text of the IRA is the best evidence of its content. To the extent that the allegations in paragraph 55 deviate from the IRA or that quotation, they are denied.

56.     The allegations in paragraph 56 are Plaintiffs' characterization of and a quotation from the Administrative Procedure Act (APA), requiring no response. Alaska states the text of the statute is the best evidence of its content. To the extent that the allegations in paragraph 56 deviate from that statute or quotation, they are denied.

57.     The allegations in paragraph 57 are Plaintiffs' characterization of and a quotation from the APA, requiring no response. Alaska states the text of the statute is the best evidence of its content. To the extent that the allegations in paragraph 57 deviate from that statute or quotation, they are denied.

58.     The allegations in paragraph 58 are conclusions of law requiring no response.

59.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and, on that basis, denies the allegations.

60.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and, on that basis, denies the allegations.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer                                                                 Page 10 of 23
Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 10 of 23

61.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and, on that basis, denies the allegations.

62.     Alaska admits the allegations in the second sentence of paragraph 62. Alaska lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and, on that basis, denies the allegations.

63.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and, on that basis, denies the allegations.

64.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and, on that basis, denies the allegations.

65.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and, on that basis, denies the allegations.

66.     Alaska denies the allegations in paragraph 66.

67.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and, on that basis, denies the allegations.

68.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and, on that basis, denies the allegations.

69.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and, on that basis, denies the allegations.

70.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and, on that basis, denies the allegations.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer                                                            Page 11 of 23
Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 11 of 23

71.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and, on that basis, denies the allegations.

72.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and, on that basis, denies the allegations.

73.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and, on that basis, denies the allegations.

74.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and, on that basis, denies the allegations.

75.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and, on that basis, denies the allegations.

76.     Alaska denies the allegations in the first clause of the first sentence of paragraph 76 concerning the alleged harms of and reduced need for oil and gas production. Alaska admits the remaining allegations in paragraph 76.

77.     Alaska admits the allegations in paragraph 77.

78.     Alaska admits the allegations in paragraph 78.

79.     Alaska admits the allegation in paragraph 79, stating that the Bureau of Ocean Energy Management canceled the public comment and review period for Cook Inlet Lease Sale 258 in February 2021. Alaska lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 79 and, on that basis, denies the allegations.

80.     The allegations in the first sentence of paragraph 80 include Plaintiffs' characterization of a federal district court opinion, requiring no response. Alaska states that the court opinion cited is the best evidence of its content. To the extent that the allegations in paragraph 49 deviate from the holding of the cited court case, they are denied. Alaska admits the remaining allegations in paragraph 80.

81.     The allegations in paragraph 81 are Plaintiffs' characterization of the Bureau of Ocean Energy Management's Draft Environmental Impact Statement for Cook Inlet Lease Sale 258 (Draft EIS), requiring no response. Alaska states the Draft EIS is the best evidence of its contents. To the extent that the allegations in paragraph 81 deviate from the Draft EIS, they are denied.

82.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and, on that basis, denies the allegations.

83.     The allegations in the final sentence of paragraph 83 include Plaintiffs' characterization of and a quotation from the Draft EIS, requiring no response. Alaska states that the Draft EIS is the best evidence of its content. To the extent that the allegations in the final sentence of paragraph deviate from the Draft EIS and that quotation, they are denied. Alaska lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and, on that basis, denies the allegations.

84.     Alaska admits the allegations in paragraph 84.

85.     Alaska admits the allegations in paragraph 85.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer
Page 13 of 23

Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 13 of 23

86.     The allegations in paragraph 86 are Plaintiffs' characterization of the IRA, requiring no response. Alaska states that the statute is the best evidence of its contents. To the extent that the allegations in paragraph 86 deviate from that statute, they are denied.

87.     The allegations in the first sentence paragraph 87 include Plaintiffs' characterization of the intent behind the Bureau of Ocean Energy Management's actions. Alaska lacks information or knowledge sufficient to form a belief as to the truth of the allegations about the Bureau's intent and, as a result, denies them. Alaska admits the remaining allegations in paragraph 87.

88.     Alaska admits the allegations in paragraph 88.

89.     The allegations in paragraph 89 are Plaintiffs' characterization of the Bureau of Ocean Energy Management's Final Environmental Impact Statement for Cook Inlet Lease Sale 258 (Final EIS), requiring no response. Alaska states that the text of the Final EIS is the best evidence of its contents. To the extent that the allegations in paragraph 89 deviate from the Final EIS, they are denied.

90.     The allegations in paragraph 90 are Plaintiffs' characterization of the Final EIS, requiring no response. Alaska states that the text of the Final EIS is the best evidence of its contents. To the extent that the allegations in paragraph 90 deviate from the Final EIS, they are denied.

91.     The allegations in the first sentence of paragraph 91 are conclusions of law and include Plaintiffs' characterization of and a quotation from the OCSLA and the

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer                                                                    Page 14 of 23
Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 14 of 23

OCSLA Amendments of 1978, requiring no response. Alaska states the statutes are the best evidence of their content. To the extent that the allegations in paragraph 91 deviate from those statutes or that quotation, they are denied. The remaining allegations in paragraph 91 are Plaintiffs' characterization of the Final EIS, requiring no response. Alaska states that the Final EIS is the best evidence of its contents. To the extent that the remaining allegations in paragraph 91 deviate from the Final EIS, they are denied.

92.     The allegations in paragraph 92 are Plaintiffs' characterization of and quotations from the Final EIS, requiring no response. Alaska states that the Final EIS is the best evidence of its contents. To the extent that the allegations in paragraph 92 deviate from the Final EIS or the quotations in the complaint, they are denied.

93.     The allegations in paragraph 93 are Plaintiffs' characterization of the Final EIS, requiring no response. Alaska states that the Final EIS is the best evidence of its contents. To the extent that the allegations in paragraph 93 deviate from the Final EIS, they are denied.

94.     The allegations in paragraph 94 are Plaintiffs' characterization of and a quotation from the Final EIS, requiring no response. Alaska states that the Final EIS is the best evidence of its contents. To the extent that the allegations in paragraph 94 deviate from the Final EIS or the quotation in the complaint, they are denied.

95.     The allegations in paragraph 95 are Plaintiffs' characterization of the Final EIS, requiring no response. Alaska states that the Final EIS is the best evidence of its

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer Page 15 of 23
Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 15 of 23

contents. To the extent that the allegations in paragraph 95 deviate from the Final EIS, they are denied.

96.     The allegations in the first through fourth and sixth sentences in paragraph 96 are Plaintiffs' characterization of and a quotation from the Final EIS, requiring no response. Alaska states that the Final EIS is the best evidence of its contents. To the extent that the allegations the first through fourth and sixth sentences in paragraph 96 deviate from the Final EIS or the quotation in the complaint, they are denied. The allegation in the fifth sentence of paragraph 96 is a conclusion of law requiring no response.

97.     Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and, on that basis, denies the allegations.

98.     The allegations in paragraph 98 are Plaintiffs' characterization of the Bureau of Ocean Energy Management's Record of Decision for Cook Inlet Lease Sale 258, requiring no response. Alaska states that the Record of Decision is the best evidence of its contents. To the extent that the allegations in paragraph 98 deviate from the Record of Decision, they are denied.

99.     Alaska admits the allegations in paragraph 99.

100.    Alaska admits the allegations in paragraph 100.

101.    Alaska restates and incorporates by references its responses to paragraph 1 through 100.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer Page 16 of 23
Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 16 of 23

102.    The allegations in paragraph 102 are conclusions of law requiring no response.

103.    The allegations in paragraph 103 are conclusions of law requiring no response.

104.    The allegations in paragraph 104 are conclusions of law requiring no response.

105.    The allegations in paragraph 105 are Plaintiffs' characterization of NEPA, as well as federal regulations implementing NEPA and a federal circuit court opinion interpreting NEPA, requiring no response. Alaska states that statutes, regulations, and circuit court opinion referenced in the complaint are the best evidence of their contents. To the extent that the allegations in paragraph 105 deviate from those statutes, regulations, or court decisions, they are denied.

106.    The allegations in paragraph 106 are conclusions of law requiring no response.

107.    The allegations in the first sentence of paragraph 107 are conclusions of law requiring no response. The allegations in the second through third sentences of paragraph 107 are Plaintiffs' characterization of and quotations from the Final EIS, also requiring no response. Alaska states that the Final EIS is the best evidence of its contents. To the extent that the allegations in paragraph 107 deviate from the Final EIS and the quotations included in the complaint, they are denied.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer Page 17 of 23

Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 17 of 23

108.    The allegations in the first sentence of paragraph 108 are conclusions of law requiring no response. The allegations in the second sentence of paragraph 108 are Plaintiffs' characterization of the Final EIS, also requiring no response. Alaska states that the Final EIS is the best evidence of its contents. To the extent that the allegations in the second sentence of paragraph 108 deviate from the Final EIS, they are denied.

109.    The allegations in the first sentence of paragraph 109 are conclusions of law requiring no response. The allegations in the second sentence of paragraph 109 are Plaintiffs' characterization of the Final EIS, also requiring no response. Alaska states that the Final EIS is the best evidence of its contents. To the extent that the allegations in paragraph 109 deviate from the Final EIS, they are denied.

110.    The allegations in the first sentence of paragraph 110 are Plaintiffs' characterization of the Final EIS, requiring no response. Alaska states that the Final EIS is the best evidence of its contents. To the extent that the allegations in paragraph 110 deviate from the Final EIS, they are denied. The allegations in the second sentence of paragraph 110 are conclusions of law, requiring no response.

111.    The allegations in paragraph 111 are conclusions of law requiring no response.

112.    The allegations in paragraph 112 are conclusions of law requiring no response.

113.    Alaska restates and incorporates by references its responses to paragraph 1 through 112.

*Cook Inletkeeper, et al., v. U.S Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer Page 18 of 23
Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 18 of 23

114.    The allegations in the first sentence of paragraph 114 are Plaintiffs'
characterization of NEPA and federal regulations implementing NEPA, requiring no
response. Alaska states that statutes and regulations are the best evidence of their content.
To the extent that the allegations in paragraph 114 deviate from that statute or regulation,
they are denied. The allegations in the second sentence of paragraph 114 are conclusions
of law, requiring no response.

115.    The allegations in paragraph 115 are Plaintiffs' characterization of and
quotations from federal regulations implementing NEPA, requiring no response. Alaska
states that the regulations are the best evidence of their content. To the extent that the
allegations in paragraph 115 deviate from those regulations and quotations, they are
denied.

116.    The allegations in paragraph 116 are conclusions of law requiring no
response.

117.    The allegations in paragraph 117 are conclusions of law requiring no
response.

118.    The allegations in paragraph 118 are Plaintiffs' characterization of the Final
EIS, requiring no response. Alaska states that the Final EIS is the best evidence of its
contents. To the extent that the allegations in paragraph 118 deviate from the Final EIS,
they are denied.

119.    The allegations in paragraph 119 are Plaintiffs' characterization of the Final
EIS, requiring no response. Alaska states that the Final EIS is the best evidence of its

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer
Page 19 of 23
Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 19 of 23

contents. To the extent that the allegations in paragraph 119 deviate from the Final EIS, they are denied.

120.    Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and, on that basis, denies the allegations.

121.    Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and, on that basis, denies the allegations.

122.    The allegations in paragraph 122 are conclusions of law requiring no response.

123.    The allegations in paragraph 123 are conclusions of law requiring no response.

124.    The allegations in paragraph 124 are conclusions of law requiring no response.

125.    Alaska restates and incorporates by reference its responses to paragraph 1 through 124.

126.    The allegations in the first and fourth sentence of paragraph 126 are Plaintiffs' characterization of NEPA and the federal regulations implementing NEPA, requiring no response. Alaska states that the statutes and regulations are the best evidence of their contents. To the extent that the allegations in the first and fourth sentences of paragraph 126 deviate from those statutes and regulations, they are denied. The allegations in the second and third sentences of paragraph 126 are Plaintiffs' quotations from a U.S. Supreme Court opinion, requiring no response. Alaska states that the judicial

opinion is the best evidence of its contents. To the extent that the allegations in the second and third sentences in paragraph 126 deviate from that U.S. Supreme Court opinion, they are denied.

127.    The allegations in the first sentence of paragraph 127 are Plaintiffs' characterization of and a quotation from the Draft EIS, requiring no response. Alaska states that the Draft EIS is the best evidence of its contents. To the extent that the allegations in the first sentence of paragraph 127 deviate from the Draft EIS, they are denied. Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 127 and, on that basis, denies the allegations. The allegations in the third sentence of paragraph 127 are conclusions of law requiring no response.

128.    The allegations in the first sentence of paragraph 128 are Plaintiffs' characterization of the Final EIS, requiring no response. Alaska states that the Final EIS is the best evidence of its contents. To the extent that the allegations in the first sentence of paragraph 128 deviate from the Final EIS, they are denied. Alaska lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 127 and, on that basis, denies the allegations.

129.    The allegations in paragraph 129 are conclusions of law requiring no response.

130.    The allegations in paragraph 130 are conclusions of law requiring no response.

*Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al.* Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer Page 21 of 23

Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 21 of 23

## General Denial

This Court should deny Plaintiffs' requests for relief. All the allegations—including any unnumbered statements, footnotes, and headings—in Plaintiffs' Complaint that have not been specifically admitted, denied, or otherwise answered are denied.

## Affirmative Defenses

1.      Plaintiffs have failed to state a claim on which relief can be granted.

2.      Plaintiffs have suffered no injury as a result of Cook Inlet Lease Sale 258 and lack standing.

3.      Plaintiffs' claims are not ripe for adjudication.

4.      Plaintiffs' claims are made in bad faith.

## Prayer for Relief

Alaska requests that this Court:

1.      Dismiss Plaintiffs' Complaint with prejudice on all claims asserted against all Defendants;

2.      Award to Alaska all attorney's fees and costs allowed by law;

3.      Award to Alaska any other relief that the Court deems just and proper.

DATED June 15, 2023.

TREG TAYLOR
ATTORNEY GENERAL

By:     _/s/Mary Hunter Gramling_
        Mary Hunter Gramling
        Chief Assistant Attorney General
        Alaska Bar No. 1011078
        Department of Law
        PO Box 110300
        Juneau, AK 99811-0300
        Telephone: (907) 465-3600
        Facsimile: (907) 465-2417
        Email: _mary.gramling@alaska.gov_
        Attorney for the State of Alaska

## CERTIFICATE OF SERVICE

I certify that on June 15, 2023, the foregoing **STATE OF ALASKA'S ANSWER**

was served on all registered parties via the CM/ECF electronic distribution system.

/s/Mary Hunter Gramling
Mary Hunter Gramling, Chief Assistant Attorney General

_Cook Inletkeeper, et al., v. U.S. Dep't of the Interior, et al._  Case No.: 3:22-cv-00279-SLG
State of Alaska's Answer                                                    Page 23 of 23

Case 3:22-cv-00279-SLG   Document 29   Filed 06/15/23   Page 23 of 23