Hannah Payne Foster
Erik Grafe
Carole Holley
EARTHJUSTICE
310 K Street Suite 508
Anchorage, AK 99501
T: 907.277.2500
E: hfoster@earthjustice.org
E: egrafe@earthjustice.org
E: cholley@earthjustice.org

*Attorneys for Plaintiffs Cook Inletkeeper, Alaska Community Action on Toxics, Center for Biological Diversity, and Kachemak Bay Conservation Society.*

Kristen Monsell (*pro hac vice)*
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway St. #800
Oakland, CA 94612
T: 510.844.7100
E: kmonsell@biologicaldiversity.org

*Attorney for Plaintiff Center for Biological Diversity.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

COOK INLETKEEPER *et al.*,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF THE INTERIOR *et al.*,

*Defendants,*

and

STATE OF ALASKA

*Intervenor-Defendant.*

Case No. 3:22-cv-00279-SLG

# APPLICATION FOR ATTORNEYS' FEES AND EXPENSES UNDER 28 U.S.C. § 2412

Plaintiffs Cook Inletkeeper, Alaska Community Action on Toxics, Center for Biological Diversity, and Kachemak Bay Conservation Society (Applicants) apply for an award of attorneys' fees of $205,599.00 and expenses of $504.82 under Local Rule 54.2 and the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).

EAJA provides that in a civil action against the United States a court shall award costs, fees, and expenses to eligible prevailing parties "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Applicants qualify for attorneys' fees under EAJA when: (1) the motion is timely; (2) Applicants are the prevailing parties; (3) Applicants are eligible under EAJA for recovering fees and costs; and (4) no exception to EAJA applies. *See Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167 (9th Cir. 2019). Applicants' fee request is reasonable because their rates are fair and they only seek to recover for the hours necessarily expended on the litigation. The expenses sought are those reasonably incurred in the litigation.

## I. Applicants' motion is timely.

EAJA requires that a motion for attorneys' fees and costs be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is one that is "not appealable." *Id.* § 2412(d)(2)(G). This Court entered judgment in Plaintiffs' favor on July 16, 2024. Doc. 52. Defendants appealed that order on September 16, 2024, Doc. 54, and subsequently filed a voluntary motion to dismiss the appeal, which the Ninth Circuit granted on September 26, 2024. *See* Doc. 59. This

application is filed within 30 days of final judgment and is therefore timely.

## II. Applicants are prevailing parties.

A prevailing party is one who achieves a "material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001)). Success "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit" is sufficient. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation marks omitted).

Applicants are prevailing parties because they prevailed on claims they raised in their complaint and the Court granted relief by holding the Department of the Interior's final Environmental Impact Statement (EIS) and Record of Decision for Lease Sale 258 unlawful, suspending the lease issued to Hilcorp Alaska, LLC, remanding the matter to the agency, and ordering it to provide a supplemental EIS. Doc. 52 at 48-49; Doc. 1 at 38-39.

## III. Applicants are eligible to receive an EAJA award.

Each of the Applicants is eligible for an award of fees under EAJA. When the complaint was filed, the groups had fewer than 500 full-time employees and were exempt from taxation under section 501(c)(3) of the Internal Revenue Code. *See* 28 U.S.C. § 2412(d)(2)(B); Exs. 3-5.

One of the Plaintiffs in this case, Natural Resources Defense Council, is not eligible for an award under EAJA. It does not join this application, and Applicants do not

seek recovery for any fees or costs attributable exclusively to that Plaintiff. *See* Ex. 1 at 2, ¶3.

## IV. Defendants cannot meet their burden of showing that an exception to EAJA applies.

Under EAJA, an award of fees to an eligible prevailing party is mandatory unless "the position of the United States was substantially justified or . . . special circumstances make an award unjust." *Abela v. Gustafson*, 888 F.2d 1258, 1261 (9th Cir. 1989) (quoting 28 U.S.C. § 2412(d)(1)(A)); *id.* at 1266 (describing the award as "mandatory" when no exception applies). It is the government's burden to show that one of these exceptions applies. *See, e.g.*, *Ibrahim*, 912 F.3d at 1167 (stating that it is the government's burden "to show that its litigation position was substantially justified") (quoting *Cinciarelli v. Reagan*, 729 F.2d 801, 806 (D.C. Cir. 1984)).

"Substantially justified" means that the government's position "is one that 'a reasonable person could think it correct, that is, [that the position] has a reasonable basis in law and fact.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988)). The court evaluates both the agency's underlying conduct and that of its attorneys during the litigation. *Id.* at 1168. "The test is an inclusive one; [the court] consider[s] whether the government's position 'as a whole' has 'a reasonable basis in both law and fact.'" *Id.* (quoting *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001)); *see* 28 U.S.C. § 2412(d)(2)(D). EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items." *Ibrahim*, 912 F.3d at 1169 (quoting *Commissioner, INS v. Jean*,

496 U.S. 154, 161-62 (1990)). It is not enough if some of the government's arguments "passed the straight face test." *Id.* at 1171; *see also Clouter v. Bowen*, 658 F. Supp. 145, 146 (D. Or. 1987) ("Agency action found to be arbitrary and capricious . . . is virtually certain not to have been substantially justified" under EAJA) (quoting H.R. Rep. No. 99-120, pt. I, at 9-10 (1985), *as reprinted in* 1985 U.S.C.C.A.N. 132, 138).

The government's position was not substantially justified here because it was based on numerous violations of the National Environmental Policy Act (NEPA). First, this Court found that the agency violated NEPA by arbitrarily restricting its alternatives analysis in the Lease Sale 258 final EIS. *See* Doc. 52 at 23-28. It

> failed to consider a reasonable range of alternatives at the leasing stage in violation of NEPA because it failed to consider any alternative that would offer for lease a reduced number of blocks that would meaningfully reduce overall impacts, could feasibly meet the purpose and need of Lease Sale 258, and would better allow for "informed decision-making and informed public participation."

*Id*. at 28 (citation omitted). In doing so, the agency acted contrary to the Ninth Circuit precedent found in *Western Watersheds Project v. Abbey*, 719 F.3d 1035 (9th Cir. 2013) and *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024 (9th Cir. 2008).

Second, the agency violated NEPA's requirement to take a hard look at the impact of vessel noise on the endangered Cook Inlet beluga whales. Doc. 52 at 34. The agency's finding that "vessel noise would be below the level required to injure marine mammals" was "contradicted by several documents in the record" and was therefore arbitrary. *Id.* at 35.

Finally, the agency's cumulative impacts analysis in the final EIS violated NEPA when it arbitrarily lumped endangered belugas in with all other marine mammals. *Id.* at 37. In doing so, the agency ignored evidence from its own analyses showing that these belugas have suffered more negative impacts than other marine mammals. *See id.* at 38-39.

Because of the numerous deficiencies in the agency's final EIS, it must now redo parts of its analysis. *Id.* at 48. The agency's arbitrary decisions violated NEPA. Those decisions, and the government's subsequent positions in defense, were thus not substantially justified. Because the case is treated as an inclusive whole and Applicants' NEPA arguments were all independently outcome determinative, it is not necessary to examine if specific other arguments Defendants made were reasonable.

## V. Applicants' fee request is reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. As explained below, Applicants seek fees only for hours reasonably expended, at reasonable hourly rates. The hours requested and the hourly rates are explained in detail in the declaration of Hannah Payne Foster, attached as Exhibit 1, and are summarized as attachment A to that declaration.

### A. Some of Applicants' attorneys are entitled to enhanced rates.

For attorney fees, EAJA establishes a maximum fee recovery rate of $125 per hour that is adjusted upward for inflation to account for cost of living increases. 28 U.S.C.

§ 2412(d)(2)(A); s*ee Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (prescribing method for calculating cost of living increases). The inflation-adjusted rates for the period of this litigation are $234.95 for 2022 and $244.62 for 2023. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Oct. 17, 2024). A court may also award a higher rate based on "a special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A). The special factor provision

> refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.

*Pierce*, 487 U.S. at 572.

Environmental litigation may be an identifiable practice specialty meriting enhanced fees. *See Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1159-60 (9th Cir. 2008). Earthjustice, a nonprofit environmental law firm formerly known as the Sierra Club Legal Defense Fund (SCLDF), routinely obtains fee enhancements for its attorneys' special expertise in environmental litigation. *See*, *e.g.*, *Ctr. for Biological Diversity et al. v. Bureau of Land Mgmt. et al.*, No. 3:20-cv-00308-SLG (Jul. 15, 2022), Doc. 139 at 2; *Se. Alaska Conservation Council et al. v. U.S. Forest Serv. et al.*, No. 1:19-cv-00006-SLG (Apr. 8, 2021), Doc. 67 at 2-4; *Pollinator Stewardship Council v.*

*U.S. Env't Prot. Agency*, No. 13-72346, 2017 WL 3096105, at *2-5 (9th Cir. June 27, 2017); *Citizens for Better Forestry v. U.S. Dep't of Agric.*, No. 08-01927 CW, 2010 WL 3222183, at *4-8 (N.D. Cal. Aug. 13, 2010); *Portland Audubon Soc'y v. Lujan*, 865 F. Supp. 1464, 1475-76 (D. Or. 1994); *see also Wash. Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1432-33 (W.D. Wash. 1989) ("the combination of substantive legal knowledge and litigation expertise possessed by . . . SCLDF attorneys, is found almost exclusively in public interest law firms like the Legal Defense Fund"). Attorneys at the Center for Biological Diversity, a nonprofit environmental organization, also regularly receive enhanced rates due to their specialized skills. *See, e.g.*, *Citizens for Better Forestry*, 2010 WL 3222183, at *5-7; *Cook Inletkeeper v. Raimondo*, No. 3:19-cv-00238-SLG (Jan. 26, 2022) No. 99; *Ctr. for Biological Diversity v. Haaland*, No 3:18-cv-00064-SLG (Apr. 30, 2022) No. 79. In addition to the attorney having specialized skills required by the litigation, these skills must not be available elsewhere at the statutory rate. *Winter*, 543 F.3d at 1158.

This case required distinctive knowledge and specialized skills in the area of federal environmental litigation involving oil and gas development on the Outer Continental Shelf that the attorneys who represent the Applicants possess. *See* Ex. 1 at 2, ¶5; *See* Ex. 2 at 2-3, ¶5. Applicants' attorneys were able to conduct this work, and ultimately, to win a dispositive motion with substantial benefits for the public, due to depth of their specific experience and proficiency with the subject matter at hand. The necessary skills and knowledge would not have been available elsewhere at the statutory

rate. *See* Ex. 1 at 4, ¶12; *See* Ex. 2 at 5, ¶¶13-14. Therefore, Applicants seek reasonable enhanced rates based on the prevailing market rate for attorneys of equivalent specialization, skill, and experience. *See* Ex. 1 at 4-6, ¶¶13, 15-16; *See* Ex. 2 at 4, ¶11.

**B. Applicants' attorneys' hours are reasonable.**

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Applicants seek fees for the time summarized in the declarations of counsel. *See* Ex. 1 at 4, ¶10 & Attachment A; Ex. 2 at 4, ¶12. Applicants' counsel has made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *see* Ex. 1 at 3-4, ¶9; Ex. 2 at 4, ¶12.

**C. Applicants' expenses are reasonable.**

Applicants are also entitled to recover their costs and other expenses under EAJA. 28 U.S.C. § 2412. Recoverable expenses include those "ordinarily billed to a client," such as telephone calls, postage, and attorney travel expenses. *Int'l Woodworkers of Am., AFL-CIO, Loc. 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985).

Applicants seek $504.82 in costs and expenses incurred in this litigation, described in Attachment B to the Foster Declaration. Ex. 1, Attachment B. These reasonably expended costs include filing fees and postage charges.

## CONCLUSION

For the foregoing reasons, Applicants respectfully request that the Court order Defendants to pay $205,599.00 in attorneys' fees and $504.82 in other expenses.

Respectfully submitted this 18th day of October, 2024,

*s/ Hannah Payne Foster*
Hannah Payne Foster (Alaska Bar No. 2105045)
Erik Grafe (Alaska Bar No. 0804010)
Carole Holley (Alaska Bar No. 0611076)
EARTHJUSTICE

*Attorneys for Plaintiffs Cook Inletkeeper, Alaska Community Action on Toxics, Center for Biological Diversity, and Kachemak Bay Conservation Society.*

*s/ Kristen Monsell*
Kristen Monsell (pro hac vice)
CENTER FOR BIOLOGICAL DIVERSITY

*Attorney for Plaintiff Center for Biological Diversity.*

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITS**

I certify that this document contains 2,141 words, excluding items exempted by Local Civil Rule 7.4(a)(4), and complies with the word limits of Local Civil Rule 7.4(a)(2).

*s/ Hannah Payne Foster*
Hannah Payne Foster (Alaska Bar No. 2105045)
EARTHJUSTICE

## CERTIFICATE OF SERVICE

I certify that on October 18, 2024, a copy of foregoing APPLICATION FOR ATTORNEYS' FEES AND EXPENSES UNDER 28 U.S.C. § 2412(d), with attachments, was served electronically on Luther L. Hajek and Mary Hunter Gramling.

*s/ Hannah Payne Foster*
Hannah Payne Foster (Alaska Bar No. 2105045)
EARTHJUSTICE