Hannah Payne Foster
Erik Grafe
Carole Holley
EARTHJUSTICE
310 K Street Suite 508
Anchorage, AK 99501
T: 907.277.2500
E: egrafe@earthjustice.org
E: cholley@earthjustice.org
E: hfoster@earthjustice.org

*Attorneys for Plaintiffs Cook Inletkeeper, Alaska Community Action on Toxics, Center for Biological Diversity, and Kachemak Bay Conservation Society.*

Kristen Monsell (*pro hac vice)*
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway St. #800
Oakland, CA 94612
T: 510.844.7100
E: kmonsell@biologicaldiversity.org

*Attorney for Plaintiff Center for Biological Diversity.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR *et al.*,<br><br>*Defendants,*<br><br>and<br><br>STATE OF ALASKA<br><br>*Intervenor-Defendant.* | Case No. 3:22-cv-00279-SLG |

# DECLARATION OF HANNAH PAYNE FOSTER

I, Hannah Payne Foster, hereby declare as follows,

1. The facts set forth in this declaration are based on my personal knowledge and if called as a witness, I could and would competently testify thereto under oath. As to those matters that reflect an opinion, they reflect my personal opinion and judgment upon the matter.

2. I am an attorney in the Alaska office of Earthjustice. I represent the Plaintiffs in this case. I submit this declaration in support of the application for an award of attorneys' fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

3. The applicants are organizations described in section 501(c)(3) of the Internal Revenue Code and have fewer than 500 employees, and are therefore eligible for fee recovery under EAJA. One of the Plaintiffs—Natural Resources Defense Council—is not eligible for fee recovery under EAJA.

4. This declaration addresses: (a) the time spent in prosecuting the case; (b) the professional qualifications and experience of the attorneys and staff; (c) the hourly rates and appropriateness of enhanced rates; and (d) the reasonable fees and expenses sought for these services under EAJA.

5. Earthjustice is a non-profit law firm that practices public interest environmental law exclusively. Earthjustice specializes in environmental litigation that sets important precedents regionally and nationally and that would not otherwise be brought by the private bar due to complexity, expertise, duration, or financial constraints.

6. Four attorneys devoted substantial time to this case: Myself, Erik Grafe, Carole A. Holley, and Kristen Monsell. I have three years of experience practicing in energy and environmental law. Erik Grafe and Carole A. Holley have 24 and 18 years of experience, respectively, mostly in environmental law. Other attorneys assisted with specific tasks, for which we are not seeking recovery of fees. Kristen Monsell is submitting a separate declaration to attest to her experience and work on this case.

7. The litigation paralegal principally assigned to this case is Sarah Saunders, who has 18 years of experience in litigation support. We are not seeking any recovery for general litigation support such as filing and document preparation, but we are seeking recovery for tasks in which she took roles that might otherwise have been performed by attorneys or other specialists. Specifically, she cite-checked briefs and worked with clients drafting standing declarations.

8. Everyone for whom we are seeking recovery kept detailed, contemporaneous time records from the inception of the case. Earthjustice uses a timekeeping application, which rounds our time to the tenth of an hour.

9. I have reviewed the time records for all Earthjustice staff who worked on this case. Using independent judgment, I have deleted hours that were excessive, inadequately explained, or otherwise inappropriate for billing. This included time spent on the following, among other things: media; internal Earthjustice procedures; consultation with outside attorneys interested in the case; legal and factual research that was not ultimately productive; and time attributable exclusively to the Plaintiff not

eligible for an award under EAJA.

10. The billable hours claimed are specified in detail for all Earthjustice and Center for Biological Diversity timekeepers in Attachment A to this declaration. In my professional opinion, the Earthjustice hours specified were necessary to litigate this case and secure a favorable judgment. We spent time on the following: claim investigation; complaint; declarations to establish standing; case schedule negotiations; record review; scheduling motions; responding to a motion to intervene; merits briefing; joint appendix; legal and factual research needed to support each of these steps; and communication with clients throughout regarding case developments.

11. Earthjustice represents its clients pro bono. We ask our clients only to pay out-of-pocket litigation costs, such as filing fees, photocopying, delivery, and travel. Because we do not bill our clients for our time, our attorneys do not have established hourly billing rates.

12. As a general rule in Alaska, litigants like the Applicants here must rely on non-profit law firms like Earthjustice to bring cases of this type. These litigants are non-profit organizations that generally cannot afford to pay the attorney's fees charged by private law firms, particularly those of specialists qualified to bring this type of case. That is true here. It is generally not possible to find attorneys who would take on these kinds of cases due to the experience required, the extensive commitment of time, and the risk of recovering no fees or only partial fees.

13. Most of the attorneys who worked on this case qualify for enhanced rates as

environmental specialists under EAJA.

14. I am an associate attorney in Earthjustice's Alaska office. I received a J.D. with a concentration in environmental & energy law from the University of Minnesota Law School in 2020. Before joining Earthjustice, I worked as a policy associate at a non-profit energy policy organization in Minnesota and as an attorney at a firm in Alaska that specializes in utility law. Applicants do not seek enhanced rates for my time. The EAJA statutory rate, adjusted for inflation, was $234.95 for 2022 and $244.62 for 2023. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/. Though I performed work on this case in 2024, no rate has been listed yet for 2024. As a compromise I used a rate of $245 (the 2023 rate, rounded up) for the whole case.

15. Mr. Grafe is the deputy managing attorney for Earthjustice's Alaska office. He received a J.D. from the University of Virginia School of Law in 2000. Before joining Earthjustice, he worked as an associate attorney at Cleary Gottlieb Steen & Hamilton, as a staff attorney at MFY Legal Services, Inc., and as a law clerk to Judge Timothy Burgess for the U.S. District Court for the District of Alaska. Mr. Grafe joined Earthjustice as a staff attorney in 2007, and has been the deputy managing attorney since 2019. Applicants request a rate of $450 for Mr. Grafe.

16. Ms. Holley is the Managing Attorney of Earthjustice's Alaska office. She received a J.D. from the University of Washington School of Law in 2006. Before joining Earthjustice, Ms. Holley worked as a federal prosecutor, an environmental crimes

prosecutor for the State of Alaska, and as an attorney and program co-director at the environmental non-profit Pacific Environment. She joined Earthjustice as the Managing Attorney in 2021. Applicants request a rate of $450 for Ms. Holley.

17. We seek reimbursement at the rate of $140 per hour for work completed by litigation paralegal Sarah Saunders. This rate is supported by market rates in Anchorage for paralegals of her experience and expertise.

18. I believe these requested rates are reasonable based on my general litigation experience, my review of attorney's fee declarations in other cases, my research of current attorney rates in the Anchorage legal market, and based on my discussions with other Anchorage-based attorneys.

19. The reasonableness of these rates is also supported by the rates awarded by this Court in other cases, including *United Cook Inlet Drift Association et al. v. National Marine Fisheries Service et al.*, Case No. 3:13-cv-00104-TMB, and *Blakeslee v. Shaw Environmental and Infrastructure, Inc.*, Case No. 3:09-cv-00214-SLG. These rates are also supported by and consistent with declarations submitted in other cases that attest to the market rates in Anchorage for experienced environmental specialists, including *United Cook Inlet Drift Association v. National Marine Fisheries Service*, Case No. 3:21-cv-00255-SLG; *Center for for Biological Diversity et al. v. Bureau of Land Managment et al.,* Case No. 3:20-cv-00308-SLG; *Southeast Alaska Conservation Council et al. v. U.S. Forest Service et al.*, Case No. 1:19-cv-00006-SLG; and *Cook Inletkeeper et al. v. Raimondo et al.*, Case No. 3:19-cv-00238-SLG.

20. A summary of the requested fees with time necessarily spent and reasonable hourly rates is attached as Attachment A. The total fees are $205,599.00.

21. I have also reviewed our expenses in this case, which are set forth in Attachment B. I have verified that the items are correct, the services have been actually and necessarily performed, and the disbursements have been necessarily incurred in this action. The total expenses are $504.82.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 16, 2024 By: *s/ Hannah Payne Foster*
Hannah Payne Foster